UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **FOREST RIVER, INC.,**<br><br>     **Plaintiff,**<br>v.<br><br>**WINNEBAGO INDUSTRIES, INC., WINNEBAGO OF INDIANA, LLC**<br><br>     **Defendants.** | Cause No. _____<br><br>**JURY TRIAL DEMANDED** |

# COMPLAINT

Plaintiff Forest River, Inc. ("Plaintiff"), for its Complaint against Defendant Winnebago Industries, Inc. and its wholly owned subsidiary Winnebago of Indiana, LLC ("Winnebago" or "Defendant"), herein alleges

# PARTIES

1. Plaintiff is a corporation duly organized and existing under the laws of the State of Indiana with its principal place of business at 55470 County Road 1, Elkhart, Indiana 46514.

2. Upon information and belief, Defendant is a corporation organized under the laws of Iowa with its principal place of business located at 605 West Crystal Lake Road, Forest City, Iowa, 50436.

# JURISDICTION AND VENUE

3. This action arises under the laws of the United States and under Indiana law.

4. This action is brought pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. §

1

1125(a) and common law of unfair competition.

5. This Court has personal jurisdiction under the Indiana Long-Arm Statute, Ind. Trial Rule 4.4(a) over the Defendant for at least the following reasons:

   a) Defendant does business in Indiana;

   b) Defendant has caused tortious injury by an act or omission done within Indiana;

   c) Defendant has caused tortious injury in Indiana by an occurrence, act or omission done outside Indiana and regularly does or solicits business or engages in other persistent course of conduct, or derives substantial revenue or benefit from goods, materials, or services used, consumed, or rendered in this state;

   d) Defendant supplied or contracted to supply services rendered or to be rendered or goods or materials furnished or to be furnished in Indiana; or

   e) Defendant owns, uses, or possesses real property or an interest in real property in Indiana.

6. Defendant owns, uses, or possesses real property or an interest in real property in Indiana, including at least real property at 201 14th Street, Middlebury, Indiana, 46540.

7. Defendant has purposefully availed itself of conducting business in Indiana, including at least conducting business at the real property at 201 14th Street, Middlebury, Indiana, 46540 and selling products in Indiana.

8. Defendant has knowingly caused tortious injury by an act or omission done within Indiana, or by an occurrence, act, or omission done outside Indiana, including, without limitation, its acts of trade dress infringement, false designation of origin, and unfair competition as set out further herein.

9. This Court has personal jurisdiction over Defendant because, *inter alia*, Defendant has committed acts of trademark infringement, trade dress infringement, false designation of origin or sponsorship, passing off, or unfair competition in the State of Indiana and in this judicial district and has sold its products, such as those identified herein, to customers in this judicial district. Further Defendant regularly solicits business and distributes products to customers in the State of Indiana and within this judicial district and has systematic and continuous contacts with the State of Indiana and this judicial district.

10. This court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338 (trademarks/unfair competition), and 15 U.S.C. §§ 1116 and 1121 (actions arising under the Federal Trademark Act). This Court has supplemental jurisdiction over the pendent state law claims pursuant to 28 U.S.C. § 1367.

11. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because the Defendant is doing business in this judicial district, and a substantial part of the events giving rise to the claims occurred in this judicial district.

**BACKGROUND FACTS**

12. Plaintiff is well-known in the recreational vehicle industry for providing its customers with high-quality recreational vehicles and products, including proprietary travel trailers under the mark RPOD (the "Mark").

13. Plaintiff's travel trailers sold under the Mark contain proprietary trade dress rights ("Trade Dress") that indicate the source of the travel trailers and distinguish the travel trailers from others.

14. Plaintiff's Trade Dress, includes, without limitation, the size, shape and color of the travel trailers sold under the Mark (e.g., the exterior shape, the total visual image, the interior

3

layout, interior fabric patterns and colors, and model numbers). Without limitation, Plaintiff's Trade Dress includes distinctive characteristics shown below for exterior and interior images:

Perspective View of RPOD travel trailer



Interior View of RPOD travel trailer E-Center



15.     Several products manufactured, sold, or distributed by Plaintiff ("Plaintiff's Trade Dress Products") have distinctive characteristics, including features such as size, shape, and color.  By virtue of these characteristics, consumers associate Plaintiff's Trade Dress Products with Plaintiff.  Consumers use these distinctive characteristics to identify and distinguish Plaintiff's Trade Dress Products from products offered by other companies.

16. As a result of these distinctive characteristics, Plaintiff's Trade Dress Products have protectable trade dress elements and combinations of elements. Plaintiff's Trade Dress Products include its line of products sold under the Mark.

17. The distinctive characteristics of the Trade Dress and Plaintiff's Trade Dress Products relate to the appearance of the products and are not functional.

18. Plaintiff adopted and has extensively and continuously used the Trade Dress since at least as early as 2008.

19. Plaintiff adopted and has extensively and continuously used the Mark since at least as early as 2008.

20. Plaintiff offers Plaintiff's goods, including its goods sold under the Trade Dress and the Mark, in interstate commerce.

21. Plaintiff has spent and continues to spend significant amounts of money and time marketing, promoting, and advertising Plaintiff's goods under the Trade Dress and the Mark. As a result of such promotion and advertising, coupled with the reputation of the high quality of Plaintiff's goods, the Mark has attained customer recognition and goodwill in the relevant market. The Trade Dress, the Mark, and the goodwill of the business associated therewith are of inestimable value to Plaintiff.

22. Plaintiff and Defendant are competitors in the recreational vehicle industry.

**DEFENDANT'S INFRINGEMENT AND UNFAIR COMPETITION**

23. On or around September 2015, Defendant began promoting and selling a travel trailer under the mark "DROP" (the "Infringing Mark").

24. On or around September 2015, Defendant begin promoting and selling a travel trailer using a confusingly similar design to the Trade Dress (the "Infringing Trade Dress") via

marketing materials, at trade shows, at retail locations, and on the Internet.

25. Defendant's domain names and websites incorporate the Infringing Mark and the Infringing Trade Dress, including, for example, at Defendant's website: http://winnebagoind.com/products/travel-trailer/2016/winnie-drop/overview.

26. Defendant's websites display the Infringing Mark and the Infringing Trade Dress to promote its travel trailers in the same market as Plaintiff, including, for example, at the above-mentioned website. A side-by-side comparison is shown below:

Perspective View of DROP travel trailer



Perspective View of RPOD travel trailer



Interior of DROP travel trailer E-Center



Interior of RPOD travel trailer E-Center



27. Defendant offers for sale and promotes, under the Infringing Mark and Infringing Trade Dress, travel trailers throughout the United States and in Indiana.

28. Defendant's use of the Infringing Mark and Infringing Trade Dress, in interstate commerce, has caused, and is likely to further cause, consumer confusion with Plaintiff's established Mark and Trade Dress.

29. Defendant began using the Infringing Mark and Infringing Trade Dress well after Plaintiff's established use in the relevant market.

30. The Infringing Mark duplicates Plaintiff's Mark, with the only difference being that the Infringing Mark is an anagram of Plaintiff's Mark (i.e., DROP is a simple rearrangement of the letters of RPOD).

31. Upon information and belief, Defendant chose the Infringing Mark and Infringing Trade Dress with knowledge of Plaintiff's Mark, Trade Dress, and Trade Dress Products, and with the bad faith intent to cause consumers to be mistaken, confused, or deceived into thinking that Defendant's goods are offered by, endorsed by, sponsored by, or affiliated with Plaintiff.

32. In November 2015, Plaintiff became aware of instances of actual confusion between Plaintiff's goods bearing the Mark and Trade Dress and Defendant's goods bearing the Infringing Mark and Infringing Trade Dress.

33. In November 2015, Plaintiff became aware that some of Plaintiff's customers were actually confused about whether the Defendant's goods bearing the Infringing Mark and Infringing Trade Dress were offered by, sold by, endorsed by, sponsored by, or affiliated with Plaintiff.

34. Plaintiff's goods sold under the Mark and Trade Dress and Defendant's goods

sold under the Infringing Mark and Infringing Trade Dress are confusingly similar and offered in the same market.

35. Plaintiff's goods sold under the Mark and Trade Dress and Defendant's goods sold under the Infringing Mark and Infringing Trade Dress are offered in the same channels of marketing and trade and to the same consumers.

36. Defendant's use of the confusingly similar Infringing Mark and Infringing Trade Dress has caused actual confusion and is likely to continue to cause a substantial number of consumers to be mistaken, confused, or deceived into thinking that Defendant's goods are offered by, endorsed by, sponsored by, or affiliated with Plaintiff.

37. The false impression created by Defendant's use of the Infringing Mark and Infringing Trade Dress constitutes trademark infringement, trade dress infringement, and unfair competition.

38. Defendant has no association or affiliation with Plaintiff, nor does Defendant have the consent of Plaintiff to use the Infringing Mark or the Infringing Trade Dress.

39. Plaintiff does not control the quality of goods offered by Defendant, and the rights in Plaintiff's Mark and Trade Dress, and the associated goodwill, are jeopardized by Defendant's unauthorized use of the Infringing Mark and the Infringing Trade Dress. Defendant has been and continues to use the Infringing Mark and the Infringing Trade Dress in connection with goods confusingly similar to Plaintiff's goods and in the same market.

40. Defendant's infringement is knowing and willful.

41. On information and belief, Defendant adopted the Infringing Mark and the Infringing Trade Dress with the intent to trade off the reputation and goodwill in Plaintiff's Mark and Trade Dress and in a bad faith attempt to deceive or to create a mistake or confusion in the

minds of Plaintiff's customers and potential customers and of the public, to palm off Defendant's goods as those of Plaintiff's, and to create the false impression of a connection, affiliation, association, sponsorship, or approval of or between Plaintiff and Defendant, all causing irreparable injury to Plaintiff's Mark and Trade Dress and its business.

42. Plaintiff has no adequate remedy at law.

## COUNT I

**Lanham Act Violations, Including Trademark Infringement, Trade Dress Infringement, Unfair Competition, False Designation of Origin and False and Misleading Representations Under 15 U.S.C. §1125(a)**

43. Plaintiff repeats and realleges the allegations in all previous paragraphs, as if fully set forth herein.

44. Based on its prior extensive and continuous use of its Mark, Plaintiff owns and enjoys common law trademark rights, throughout the entire United States, to the Mark in connection with Plaintiff's goods and similar goods.

45. Plaintiff used its Mark long before Defendant's first use of the confusingly similar Infringing Mark.

46. Defendant's use of the Infringing Mark in connection with travel trailers or confusingly similar goods constitutes an infringement of Plaintiff's trademark rights in its Mark.

47. Defendant's conduct is an attempt to trade on the goodwill that Plaintiff has developed, to the damage of Plaintiff.

48. Plaintiff owns and enjoys common law trade dress rights, throughout the entire United States, to its Trade Dress in connection with Plaintiff's goods and similar goods.

49. Plaintiff used its Trade Dress long before Defendant's first use of the confusingly similar Infringing Trade Dress.

9

50. Defendant's use of the Infringing Trade Dress in connection with travel trailers or confusingly similar goods constitutes an infringement of Plaintiff's common law rights in its Trade Dress.

51. Defendant attempted to pass off its goods bearing the Infringing Mark and Infringing Trade Dress for and as that of Plaintiff's goods.

52. Defendant has intentionally misrepresented its goods bearing the Infringing Mark and Infringing Trade Dress as that of Plaintiff and deceived prospective customers that its goods are that of Plaintiff.

53. The public deception is the natural and probable consequence of Defendant's actions.

54. Defendant's use in commerce of the confusingly similar Infringing Mark and Infringing Trade Dress in connection with the advertising, marketing, and promotion and sale of travel trailers constitutes a use in interstate commerce that is likely to cause confusion and mistake and to deceive consumers as to the source or origin of Defendant's goods such that consumers may believe that Defendant is sponsored by, authorized by, or affiliated or connected with Plaintiff and may cause further deception such that consumers may arrive at Defendant's site when searching the Internet for Plaintiff's goods under its Mark and Trade Dress.

55. Defendant's false designation of origin, false description, and false representation that Defendant and its products are sponsored by, authorized by, or affiliated with Plaintiff are in violation of 15 U.S.C. § 1125(a).

56. Upon information and belief, Defendant has intentionally, knowingly and willfully adopted and used a name, mark or false designation of origin likely to cause confusion in the marketplace as to the source, origin, or sponsorship of the goods being offered by Defendant.

57. As a result of these wrongful acts, Plaintiff is entitled to recovery of damages in the form of the Defendant's profits or the Plaintiff's actual damages (trebled in the court's discretion), attorneys' fees, and costs of this litigation pursuant to 15 U.S.C. § 1114-1119. In addition, Defendant's acts are causing and continue to cause Plaintiff irreparable harm in the nature of loss of control over its reputation and loss of substantial consumer goodwill. This irreparable harm to Plaintiff will continue, without any adequate remedy at law, unless and until Defendant's unlawful conduct is enjoined by this Court.

58. Defendant's conduct, including without limitation its bad faith intent in adopting the Infringing Mark and Infringing Trade Dress, makes this case exceptional, thus warranting the award of attorneys' fees.

## COUNT II

### Common Law Trademark Infringement

59. Plaintiff repeats and realleges the allegations in all previous paragraphs, as if fully set forth herein.

60. Based on its prior and continuous use of its Mark, Plaintiff owns and enjoys common law rights in Indiana, and throughout the United States, to its Mark in connection with Plaintiff's goods and similar products.

61. Plaintiff used its Mark long before Defendant's first use of the confusingly similar Infringing Mark.

62. Defendant's use of the Infringing Mark in connection with travel trailers or confusingly similar goods constitutes an infringement of Plaintiff's common law rights in its Mark.

63. Defendant's conduct is an attempt to trade on the goodwill that Plaintiff has developed, to the damage of Plaintiff.

64. Defendant's conduct is causing immediate and irreparable injury to Plaintiff its goodwill and reputation, and will continue damaging Plaintiff and deceiving the public unless enjoined by this Court under Indiana common law.

## COUNT III

### Common Law Trade Dress Infringement

65. Plaintiff repeats and realleges the allegations in all previous paragraphs, as if fully set forth herein.

66. Based on its prior and continuous use of its Mark, Plaintiff owns and enjoys common law rights in Indiana, and throughout the United States, to its Trade Dress in connection with Plaintiff's goods and similar goods.

67. Plaintiff used its Trade Dress long before Defendant's first use of the confusingly similar Infringing Trade Dress.

68. Defendant's use of the Infringing Trade Dress in connection with Plaintiff's goods or confusingly similar goods constitutes an infringement of Plaintiff's common law rights its Trade Dress.

69. Defendant's conduct is an attempt to trade on the goodwill that Plaintiff has developed, to the damage of Plaintiff.

70. Defendant's conduct is causing immediate and irreparable injury to Plaintiff, its goodwill and reputation, and will continue damaging Plaintiff and deceiving the public unless enjoined by this Court under Indiana common law.

## COUNT IV

## Common Law Unfair Competition

71. Plaintiff repeats and realleges the allegations in all previous paragraphs, as if fully set forth herein.

72. Defendant attempted to pass off its goods bearing the Infringing Mark and Infringing Trade Dress for and as that of Plaintiff's goods.

73. Defendant has intentionally misrepresented its goods bearing the Infringing Mark and Infringing Trade Dress as those of the Plaintiff and deceived prospective customers that its goods are those of the Plaintiff.

74. The public deception is the natural and probable consequence of Defendant's actions.

75. Defendant's unauthorized use of the Infringing Mark and Infringing Trade Dress is likely to cause confusion or misunderstanding as to the source, sponsorship, approval, or certification of Defendant's goods by and with Plaintiff and thus constitutes unfair competition under Indiana common law.

76. Defendant's conduct is causing immediate and irreparable injury to Plaintiff, its goodwill, and its reputation, and will continue to damage Plaintiff and deceive the purchasing public and trade unless enjoined by this Court pursuant to Indiana common law.

## PRAYER FOR RELIEF

Plaintiff requests that this Court award the following relief:

77. Permanently enjoin and restrain Defendant, and all officers, agents, servants, employees, directors, representatives, successors, assigns, related companies, or those in active concert or participation with Defendant from using any trademark or trade dress confusingly

similar to any Plaintiff's trademarks, including without limitation, the Mark and the Trade Dress, from making any false or misleading claims in relation to Plaintiff, Plaintiff's business or Plaintiff's products, from representing by words or conduct that Defendant or its goods are authorized, sponsored, endorsed, or otherwise connected with Plaintiff, and from any other conduct which causes, or is likely to cause, confusion, mistake, deception, or misunderstanding as to the source, affiliation, connection or association of Plaintiff's goods;

78. Award an accounting for, and enter judgment against Defendant for Defendant's profits and any damages sustained by Plaintiff;

79. Award Plaintiff treble and punitive damages for Defendant's willful and intentional infringement and to deter such misconduct by Defendant in the future;

80. Require Defendant to pay the costs of this action, together with Plaintiff's attorneys' fees and disbursements incurred herein for Defendant's willful and intentional infringement;

81. Award Plaintiff pre-judgment and post-judgment interest;

82. Require Defendant, pursuant to 15 U.S.C. §1118, to destroy or delete all materials that contain copies of the false advertising claims and statements.

83. Require Defendant to compensate Plaintiff for the advertising or other expenses necessary to dispel the public confusion caused by Defendant's infringement, unfair competition and other unlawful acts.

## JURY DEMAND

A. Plaintiff demands a trial by jury on all matters subject to decision by a jury.

Date: December 18, 2015             Respectfully submitted,

**FOREST RIVER, INC.**


By:     /s/ Jonathan P. Froemel

Jonathan P. Froemel (ARDC 6237103)
*Jonathan.froemel@btlaw.com*
Georgina D. Jenkins (31357-71)
*Georgina.jenkins@btlaw.com*
**BARNES & THORNBURG LLP**
1 N. Wacker Dr., Suite 4400
Chicago, IL 60606
Telephone: 312-357-1313
Facsimile: 312-759-5646

*Counsel for Plaintiff Forest River, Inc.*

DMS 3355928v1