UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| FOREST RIVER, INC., | ) |  |
|---|---|---|
|  | ) |  |
| *Plaintiff* | ) |  |
|  | ) |  |
| v. | ) | CIVIL NO. 3:15-CV-609 RLM-MGG |
|  | ) |  |
| WINNEBAGO INDUSTRIES, INC., | ) |  |
| WINNEBAGO OF INDIANA, LLC, | ) |  |
|  | ) |  |
| *Defendants* | ) |  |

OPINION AND ORDER

Forest River, Inc. sues Winnebago Industries, Inc. and its subsidiary Winnebago of Indiana, LLC under the Lanham Act, 15 U.S.C. § 1125(a), and common law alleging trademark infringement, trade dress infringement, unfair competition, false designation of origin, and false and misleading representations. The defendants' motion for partial dismissal of the plaintiff's claims based on trade dress infringement pends. The court grants that motion for the reasons that follow.

I. STANDARD OF REVIEW

A court considering a Rule 12(b)(6) motion to dismiss construes the complaint "in the light most favorable to the nonmoving party, accept[s] well-pleaded facts as true, and draw[s] all inferences" in the nonmoving party's favor. Reynolds v. CB Sports Bar, Inc., 623 F.3d 1143, 1146 (7th Cir. 2010). Fed. R. Civ. P. 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-

harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. at 678 (quoting Bell Atlantic v. Twombly, 550 U.S. at 570); *see also* Morrison v. YTB Int'l, Inc., 649 F.3d 533, 538 (7th Cir. 2011); Brooks v. Ross, 578 F.3d 574, 581 (7th Cir. 2009). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678 (citing Bell Atlantic v. Twombly, 550 U.S. at 556); Mann v. Vogel, 707 F.3d 872, 877 (7th Cir. 2013). "[L]egal conclusions or conclusory allegations that merely recite a claim's elements" are not entitled to any presumption of truth. Munson v. Gaetz, 673 F.3d 630, 632 (7th Cir. 2012). *See also* Ashcroft v. Iqbal, 556 U.S. at 678 ("Threadbare recital of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Twombly and Iqbal "require the plaintiff to 'provid[e] some specific facts' to support the legal claims asserted in the compliant." McCauley v. City of Chicago, 671 F.3d 611, 616 (7th Cir. 2011) (quoting Brooks v. Ross, 578 F.3d at 581)). The plaintiff "must give enough details about the subject-matter of the case to present a story that holds together." Swanson v. Citibank, N.A., 614 F.3d 400, 404 (7th Cir. 2010).

II. Discussion

To state a plausible claim for trade dress infringement, Forest River must define its trade dress and plead sufficient facts to show that it is nonfunctional and has acquired secondary meaning and that a likelihood of confusion exists between its trade dress and Winnebago's trade dress. Incredible Techs, Inc. v. Virtual Techs, Inc., 400 F.3d 1007, 1015 (7th Cir. 2005); Weber-Stephen Products LLC v. Sears Holding Corp., No. 13-cv-1686, 2013 WL 5782433 at *3 (N.D. Ill. 2013).

Forest River's complaint focuses on its "RPOD" travel trailer and Winnebago's "DROP" travel trailer. Briefly summarized, the factual allegations relating to Forest River's trade dress claims are these:

(1) Forest River's trade dress is defined to include, "the size, shape and color of the travel trailers" sold under the trademark "RPOD", including "the exterior shape, the total visual image, the interior layout, interior fabric patterns and colors, and model numbers." Photographs showing a "Perspective View of RPOD travel trailer" and an "Interior View of RPOD travel trailer E-Center" were included in the complaint.

(2) Forest River's "Trade Dress" has "distinctive characteristics, including features such as size, shape, and color" that are used by consumers "to identify and distinguish [Forest River's travel trailers] from products offered by other companies", have been "extensively and continuously used" since 2008, and "are not functional."

(3) Around September 2015, Winnebago began "promoting and selling a travel trailer using a confusingly similar design." Photographs of the exterior and

interior views of Forest River's RPOD trailer and Winnebago's DROP trailer were included in the complaint.

(4) Winnebago's use of "infringing Trade Dress" began "well after [Forest River's] established use in the relevant market", and "has caused, and is likely to further cause, consumer confusion…."

(5) "In November 2015, [Forest River] became aware that some of [its] customers were actually confused about whether [Winnebago's] goods bearing the…infringing trade dress were offered by, sold by, endorsed by, sponsored by, or affiliated with [Forest River]."

(6) "[Winnebago's] use of the confusingly similar…infringing Trade Dress…is likely to continue to cause a substantial number of consumers to be mistaken, confused, or deceived into thinking that [Winnebago's] goods are offered by, endorsed by, sponsored by, or affiliated with [Forest River]."

(7) "[Winnebago] has no association or affiliation with [Forest River]" and doesn't have Forest River's consent to use the "infringing Trade Dress."

(8) "Winnebago's infringement is knowing and willful."

(9) Forest River possesses common law trade dress rights and has used its trade dress "long before Defendants' first use of the confusingly similar infringing trade dress."

(10) Winnebago's behavior "is an attempt to trade on the goodwill" established by Forest River and is "causing immediate and irreparable injury" to Forest River and its business.

Winnebago moved to dismiss the trade dress claims asserted under both the Lanham Act and common law, arguing that Forest River hasn't: (1) specifically identified the features that are contained within the "RPOD" trade dress, or (2) provided any factual support for its assertion that such features are non-functional.

In trade dress actions, "it is the plaintiff's duty to 'articulat[e] the specific elements which comprise its distinctive dress." Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 309 (3d Cir. 2014) (quoting Landscape Forms, Inc. v. Columbia Cascade Co., 113 F.3d 373, 381 (2d Cir. 1997)). This enhanced burden is meant to avoid exceedingly general claims that seek coverage for something that is unprotectable. Landscape Forms, Inc. v. Columbia Cascade Co., 113 F.3d at 381.

Forest River alleges that its Trade Dress has "distinctive characteristics", and cites as examples "the exterior shape, the total visual image, the interior layout, interior fabric patterns and colors, and model numbers of the [RPOD] travel trailers sold," as shown in the photographs incorporated in paragraph 14. But shape, layout, patterns, colors, and "visual image" are generic terms, and Forest River hasn't identified with any specificity the particular features of its trade dress that would be protected. For relief to be granted, the plaintiff must provide more than mere "labels and conclusions" that resemble the "formulaic recitation of the elements" for trade dress infringement. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, (2007). "[I]t will not do to solely identify in litigation a combination as 'the trade dress.' Rather, the discrete elements which make up

5

that combination should be separated out and identified in a list." Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc., 280 F.3d 619, 634 (6th Cir. 2002). *See also* High Point Design LLC v. Buyers Direct, Inc., 730 F.3d 1301, 1317 (Fed. Cir. 2013) (quoting Sherwood 48 Assocs. v. Sony Corp. of Am., 76 Fed. Appx. 389, 391 (2d Cir. 2003)) (to state a trade dress infringement claim, "a party must set forth 'a precise expression of the characteristics and scope of the claimed trade dress.'"); Weber-Stephen Prod. LLC v. Sears Holding Corp., No. 13-CV-01686, 2013 WL 5782433, at *4 (N.D. Ill. Oct. 25, 2013) (controlling precedent "assumes that plaintiffs will identify and describe their trade dress in some detail."). The terms employed by Forest River in its definition of its trade dress fall short of describing it in any detail. Words like "unique," "distinct," and "decorative" don't actually say anything about the "the size, shape and color" of the "RPOD" travel trailers for which they were meant to describe.

Much of Forest River's argument centers on it having provided photographs of its claimed trade dress and a side-by-side comparison with Winnebago's product. Forest River asserts that its trade dress "includes [the] distinctive characteristics" shown in the images and that they contain "specific text descriptions." Again, generalities plague Forest River's assertion. None of the photographs contain "specific text descriptions" other than the view from which they was taken ("perspective view," "interior view," and "exterior view"). The photographs lack any sort of coded index pointing to specific features found within the depictions and seemingly leave it up to the observer to determine precisely what is "unique," "distinct," and "decorative."

6

Forest River relies heavily upon Weber-Stephen Prod. LLC v. Sears Holding Corp., No. 13-CV-01686, 2013 WL 5782433 (N.D. Ill. Oct. 25, 2013), contending that "simple allegations coupled with photographs" are enough to withstand a motion to dismiss. But the generic allegations in Forest River's complaint aren't analogous to the factual allegations in Weber. In that case, which revolved around the design of grills, the plaintiffs provided photographs along with the corresponding descriptions of "shroud riveted band design" and "door trim design." Id. at *4. The district court concluded that those factual allegations by themselves weren't sufficient to survive the motion to dismiss, but the *combination* of these detailed descriptions and the photographs was enough to put the defendant on notice. Id. "Shroud riveted band design" and "door trim design" may be fairly simple descriptions, but they directed that defendant's attention to particular aspects of the product in question. The generic terms used in Forest River's complaint do not, and the photographs incorporated in the complaint don't fill the void. Forest River's assertion that the "distinctive characteristics" of its trade dress "are not functional" and that consumers will be confused is conclusory and meaningless, absent a more detailed description of the features that allegedly comprise Forest River's protectable trade dress.

III. Conclusion

For the foregoing reasons, the court GRANTS Winnebago's partial motion to dismiss [Doc. No. 16]. Forest River's claims concerning trade dress infringement under the Lanham Act, 15 U.S.C. §1125(a), in Count I of the

7

complaint, and under common law in Count III, are DISMISSED without prejudice. Consistent with Fed. R. Civ. P. 15(a)(2), the court will afford the plaintiff 21 days from the date of this order to amend its complaint.

SO ORDERED.

ENTERED:   February 14, 2017

/s/ Robert L. Miller, Jr.
Judge, United States District Court